UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EDGAR NAJERA, individually and on behalf of all others
similarly situated,

                              Plaintiff,

          -against-

INTERSYSTEMS CORPORATION and PRATT
CONSTRUCTION & RESTORATION INC., and
SYLVESTER SERAFIN, as an individual,

                            Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**

JURY TRIAL
REQUESTED

     Plaintiff, **EDGAR NAJERA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, bring this action against **INTERSYSTEMS CORPORATION and PRATT CONSTRUCTION & RESTORATION INC., and SYLVESTER SERAFIN, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 27 Newel Street, Brooklyn, NY 11222 and 310 Nassau Ave., Brooklyn, NY 11222.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff EDGAR NAJERA residing at Jackson Heights, NY 11372 was employed by INTERSYSTEMS CORPORATION, from in or around 2007 until in or around July 2022.

8. Defendant, INTERSYSTEMS CORPORATION, is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 27 Newel Street, Brooklyn, NY 11222.

9. Defendant, PRATT CONSTRUCTION & RESTORATION INC., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 310 Nassau Ave., Brooklyn, NY 11222.

10. Upon information and belief, Defendant SYLVESTER SERAFIN is owner of INTERSYSTEMS CORPORATION and PRATT CONSTRUCTION & RESTORATION INC.

11. Defendant SYLVESTER SERAFIN is an agent of INTERSYSTEMS CORPORATION and PRATT CONSTRUCTION & RESTORATION INC.

12. Upon information and belief, SYLVESTER SERAFIN is responsible for overseeing all daily operations of INTERSYSTEMS CORPORATION and PRATT CONSTRUCTION & RESTORATION INC.

13. Upon information and belief, SYLVESTER SERAFIN has power and authority over all the final personnel decisions of INTERSYSTEMS CORPORATION and PRATT CONSTRUCTION & RESTORATION INC.

14. Upon information and belief, SYLVESTER SERAFIN has the power and authority over all final payroll decisions of INTERSYSTEMS CORPORATION and PRATT CONSTRUCTION & RESTORATION INC., including the Plaintiff.

15. Upon information and belief, SYLVESTER SERAFIN has the exclusive final power to hire the employees of INTERSYSTEMS CORPORATION and PRATT CONSTRUCTION & RESTORATION INC., including the Plaintiff.

16. Upon information and belief, SYLVESTER SERAFIN has exclusive final power over the firing and terminating of the employees of INTERSYSTEMS CORPORATION and PRATT CONSTRUCTION & RESTORATION INC., including Plaintiff.

17. Upon information and belief, SYLVESTER SERAFIN is responsible for determining, establishing, and paying the wages of all employees of INTERSYSTEMS CORPORATION and PRATT CONSTRUCTION & RESTORATION INC., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

18. Accordingly, at all relevant times hereto, Defendant SYLVESTER SERAFIN was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

19. At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiffs, as Defendants held out Plaintiff as an employee of both INTERSYSTEMS CORPORATION and PRATT CONSTRUCTION & RESTORATION INC.

20. Both Corporate entities employed the same employees, including Plaintiff, performed work on the same job sites, and were both responsible for issuing Plaintiff his wages.

21. The Corporate entities functioned as a single integrated enterprise during Plaintiff's employment by Defendants.

22. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that INTERSYSTEMS CORPORATION  and PRATT CONSTRUCTION & RESTORATION INC. (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been

moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

23. Under the FLSA and NYLL, Plaintiffs federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint is filed in August 2022.  As such, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning August 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

24. Plaintiff EDGAR NAJERA was employed by INTERSYSTEMS CORPORATION, as a construction worker and scaffolder while performing related miscellaneous duties for the Defendants, from in or around 2007 until in or around July 2022.

25. During the relevant statutory period, Plaintiff EDGAR NAJERA regularly worked five (5) days per week.

26. During the relevant statutory period, Plaintiff EDGAR NAJERA regularly worked a schedule of shifts beginning at 8:00 a.m. each workday and regularly ending at approximately 4:30 p.m., or later, two (2) days per week; and from 8:00 a.m. each workday and regularly ending at or around 1:00 a.m. approximately two (2) days per week.

27. Thus, Plaintiff was regularly required to work fifty-nine-and-a-half (59.5) hours or more hours, each week during the relevant statutory period.

28. During the relevant statutory period, Plaintiff EDGAR NAJERA was paid by Defendants a flat hourly rate of approximately:

    i.    $10.00 per hour from in or around August 2016 until in or around December 2017;

    ii.    $12.00 per hour from in or around January 2018 until in or around December 2018;

    iii.    $15.00 per hour from in or around January 2019 until in or around December 2019;

     iv.   $20.00 per hour from in or around January 2020 until in or around December 2020;

     v.   $28.00 per hour from in or around January 2021 until in or around December 2021;

     vi.   $30.00 per hour from in or around January 2022 until in or around July 2022.

29. Defendants failed to pay Plaintiff EDGAR NAJERA the legally prescribed minimum wage for his hours worked from in or around January 2017 until in or around December 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

30. Although Plaintiff regularly worked fifty-nine-and-a-half (59.5) hours or more hours each week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

31. Additionally, Defendants paid Plaintiff EDGAR NAJERA on a bi-weekly basis during the relevant statutory period, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

32. Despite being a manual worker, Defendants failed to properly pay Plaintiff his wages within seven calendar days after the end of the week in which these wages were earned.

33. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

34. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

35. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

36. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

37. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

39. Collective Class: All persons who are or have been employed by the Defendants as construction workers, scaffolders or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

40. Upon information and belief, Defendants employed at least 30 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

41. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

42. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

43. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

44. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

45. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present

lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

46. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

47. The claims of Plaintiff are typical of the claims of the whole putative class.

48. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

49. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

52. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

53. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

54. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

55. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

56. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

59. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

60. Due to Defendants' New York Labor Law violations, Plaintiff are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

63. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

8

64. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

65. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

66. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

67. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

68. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

71. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

72. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

73. Defendants also failed to pay Plaintiff the required minimum wage, which Plaintiff were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

74. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

9

**FIFTH CAUSE OF ACTION**
**Violation of Frequency of Pay Under New Yor Labor Law**

75. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

76. Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

77. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

78. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

**SIXTH CAUSE OF ACTION**

**Violation of the Wage Statement Requirements of the New York Labor Law**

79. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

80. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

81. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

82. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

83. Defendants failed to provide Plaintiff with a written notice, in English (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

84. Defendants are liable to Plaintiffs in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid minimum wages;

d. Awarding Plaintiff's unpaid wages for Defendants' failure to timely pay Plaintiff's wages;

e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiff prejudgment and post-judgment interest;

g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:   August  2, 2022
        Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EDGAR NAJERA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

INTERSYSTEMS CORPORATION and PRATT CONSTRUCTION & RESTORATION INC,
and SYLVESTER SERAFIN, as an individual,

Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

<u>To</u>:

**Via Secretary of State:**
**<u>INTERSYSTEMS CORPORATION</u> (DOS ID:3496738)**
27 Newel Street, Brooklyn, NY 11222
**<u>PRATT CONSTRUCTION & RESTORATION INC.</u> (DOS ID:4494704)**
310 Nassau Ave., Brooklyn, NY 11222

**Via Personal Service:**
**<u>INTERSYSTEMS CORPORATION</u>**
310 Nassau Ave., Brooklyn, NY 11222
**<u>PRATT CONSTRUCTION & RESTORATION INC.</u>**
310 Nassau Ave., Brooklyn, NY 11222
**<u>SYLVESTER SERAFIN</u>**
310 Nassau Ave., Brooklyn, NY 11222